**FILED**

APR 0 3 2008  NR

Apr 3, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLARIS SALES INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. **08CV1924** |
| HSBC BANK NEVADA, N.A., ) | |
| ) | **JUDGE ZAGEL** |
| Defendant. ) | |
| ) | **MAGISTRATE JUDGE MASON** |

## MOTION FOR RESTRICTING ORDER

Pursuant to Local Rules 5.7, 5.8, and 26.2, plaintiff Polaris Sales Inc. ("Polaris") moves for entry of a restricting order limiting access to Exhibit A and Exhibit B of the Complaint filed in this action. In support of this motion, Polaris states as follows:

1. Polaris and defendant HSBC Bank Nevada, N.A. ("HSBC"), are parties to the Revolving Program Agreement ("Agreement"), a contract that governs retail financing of the purchase of Polaris products and services from authorized dealers. Polaris has filed a Complaint in the above-captioned matter, claiming that HSBC has breached the Agreement.

2. The Agreement, dated August 10, 2005, is attached to the Complaint as Exhibit A. The Agreement contains sensitive and confidential information about retail finance methods used to promote sales, including detailed schedules of promotional payments and volume sales incentives.

3. The First Amendment to the Revolving Program Agreement ("Amendment"), dated October 31, 2007, is attached to the Complaint as Exhibit B. The Amendment contains sensitive and confidential information about incentives to promote sales volume.

4. The parties emphasized the importance of keeping these documents private by including in the Agreement a material term that all confidential information, including the Agreement and the Amendment, be kept confidential. Agreement, §§ 1.m, 23.

5. Polaris would suffer substantial injury if this information became available to its competitors, but preserving these documents under seal would avoid this risk of injury, and it would not prejudice HSBC.

6. Polaris requests that counsel of record for Polaris and HSBC be permitted access to the restricted documents without further order of the Court, and that pursuant to Local Rule 26.2(g), the restricted documents be returned to counsel of record for Polaris sixty-three (63) days following the final disposition of this case.

WHEREFORE, Polaris respectfully requests that this Court grant its motion to seal and place Exhibit A and Exhibit B to the Complaint under seal until this matter has closed.

Dated: April 3, 2008

POLARIS SALES INC.

By: _____
One of its attorneys

Thomas M. Lynch (6197698)
James J. Hegarty (6280186)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I, James J. Hegarty, an attorney, hereby certify that I caused a true and correct copy of the foregoing MOTION FOR RESTRICTING ORDER via hand delivery to:

> Brian D. Hughes
> Executive Vice President
> HSBC Bank Nevada, N.A.
> 2700 Sanders Road
> Prospect Heights, IL 60070

on this 3rd day of April, 2008.

_____
James J. Hegarty