IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLARIS SALES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1924 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| HSBC BANK NEVADA, N.A., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO SERVE
SUMMARY JUDGMENT MOTION**

Now comes Defendant HSBC Bank Nevada, N.A. ("HSBC") and asks this Court for leave to serve upon Plaintiff Polaris Sales Inc. ("Polaris") a motion for summary judgment on HSBC's Counterclaim. In support of its motion, HSBC states as follows:

1.	This Court's standing Order requires that a motion for summary judgment may be filed "only after the completion of a court approved service schedule." HSBC seeks the entry of such a service schedule so that it may serve and file a motion for summary judgment on its Counterclaim.

2.	The parties' dispute is one of contract construction. On April 3, 2008, Polaris filed its Complaint alleging that HSBC breached the parties' Revolving Program Agreement dated August 10, 2005 (the "Program Agreement"), pursuant to which HSBC provided revolving credit financing to Polaris customers purchasing snowmobiles and other recreational vehicles and products from selected Polaris dealers. Count I of Polaris' Complaint alleges breach of the Agreement. Count II of Polaris' Complaint seeks a declaratory judgment finding that HSBC

breached the agreement and that HSBC must forebear from the conduct that Polaris characterizes as a breach.

3. Although Polaris did not include in its Complaint a separate and distinct claim for breach of the covenant of good faith and fair dealing, the Complaint does contain allegations that HSBC has breached an implied covenant of good faith and fair dealing in that its actions were contrary to, and frustrated, the purpose or intent of the Program Agreement. (See, e.g., Complaint, ¶¶ 2, 35)

4. On May 1, 2008, HSBC filed its Answer to Polaris' Complaint, which included a counterclaim seeking a declaratory judgment that the Program Agreement is clear and unambiguous on its face; that the pertinent meaning, spirit, intent, and purpose of the Program Agreement all can be gleaned from the language of the Program Agreement, without reference to parole evidence; and that HSBC's conduct did not violate the terms of the Program Agreement, nor did it frustrate the spirit, purpose or intent of that agreement as clearly established by its terms.

5. Judgment in HSBC's favor on its counterclaim would be dispositive as to the entire case. A ruling in HSBC's favor that its conduct did not violate the terms of, or frustrate the intent or purpose of, the Program Agreement would resolve its counterclaim and would resolve Polaris' claims as well. HSBC therefore suggests that an early motion for summary judgment on its counterclaim would best serve the interests of judicial economy and provide a speedy resolution of the instant matter.

6. There is no reason to delay service and disposition of HSBC's Motion for Summary Judgment. No discovery is required for resolution of such a motion, as HSBC's

counterclaim is grounded in its position that this dispute is entirely a matter of contract construction, and all relevant "material facts" can be gleaned from the language of the Program Agreement.

    7.    HSBC suggests the entry of the following service schedule:

- a. HSBC to serve its motion for summary judgment, statement of uncontested facts, and supporting memorandum of law within five (5) business days of the disposition of this Motion.
- b. 28 days after service of HSBC's motion, Polaris shall serve its responsive papers.
- c. 14 days after service of Polaris' response, HSBC shall serve its reply in support of its motion.

WHEREFORE, defendant/counter-plaintiff HSBC hereby respectfully requests that this Court grant it leave to serve its Motion for Summary Judgment on its counterclaim against Polaris Sales, Inc., and enter the service schedule set forth above.

Dated: May 15, 2008

        /s/ Linda K. Stevens

Ronald S. Safer
Linda K. Stevens
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
312-258-5500

Drahcir M. Smith
SCHIFF HARDIN LLP
One Atlantic Center
Suite 2300
1201 Peachtree Street
Atlanta, Georgia 30309

Attorneys for Defendant
HSBC BANK NEVADA, N.A.

CH2\2470109.1

-3-