IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLARIS SALES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1924 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| HSBC BANK NEVADA, N.A., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HSBC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant/counter-plaintiff HSBC Bank Nevada, N.A. ("HSBC") respectfully moves this Court for summary judgment on its counterclaim for declaratory relief against Polaris Sales, Inc. ("Polaris" or "Plaintiff.") In support of its Motion, HSBC states as follows:

1. The parties have a disagreement regarding HSBC's right, under the parties' Revolving Program Agreement (the "Agreement"), to alter the criteria that it uses to approve consumers for credit under the program. It is undisputed that HSBC announced changes to those credit criteria in January of 2008 and that changes were instituted in March of 2008. The sole question for resolution by the Court is whether HSBC's announcement and adoption of those changes is allowed, or prohibited, by the Agreement. Polaris' Complaint alleges that those changes constitute a breach of the agreement (Count I) and seeks a declaratory judgment that HSBC's conduct violated the agreement (Count II).[1]

---

[1] Plaintiff does not expressly set forth an independent claim for the breach of the covenant of good faith and fair dealing however the factual allegations, as pled, purport to support such a claim, e.g., that HSBC breached the agreement and also acted contrary to the spirit and purpose of the agreement.

2.  HSBC's Counterclaim seeks a declaratory judgment regarding HSBC's right to alter its credit criteria, based upon the language of the parties' agreement.

3.  As demonstrated in the attached supporting Memorandum of Law and Statement of Uncontested Facts filed pursuant to Local Rule 56.1(A)(3), the terms of the Agreement are clear and unambiguous, and that language demonstrates both the terms of the Agreement, as well as its spirit, purpose and intent. Specifically, the language of the Agreement establishes that:

   a.  HSBC has the right under the Agreement to alter the criteria it uses to approve credit to consumers under the Agreement.

   b.  HSBC had the right under the Agreement to make the changes it announced in January 2008, and the changes it made in March 2008, to the criteria it uses to approve credit to consumers under the Agreement.

   c.  HSBC did not breach the Agreement by announcing its intention to tighten the criteria it uses to approve credit to consumers under the Agreement or by making changes to those criteria.

   d.  HSBC is not obligated under the Agreement to continue to provide retail financing based on the applicant approval rates and credit criteria used prior to March 1, 2008.

**WHEREFORE**, HSBC Bank Nevada, N.A., respectfully requests that the Court grant its Motion for Summary Judgment and provide any other relief it deems just and proper.

Dated: May 27, 2008

/s/ Linda K. Stevens

Ronald S. Safer
Linda K. Stevens
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606
312-258-5500

Drahcir M. Smith
1201 West Peachtree Street
Atlanta, Georgia 30309
404-437-7000

Attorneys for Defendant
HSBC BANK NEVADA, N.A.