IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLARIS SALES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1924 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| HSBC BANK NEVADA, N.A., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

### HSBC'S MOTION TO STRIKE
### POLARIS' PAROL AND OTHER EXTRINSIC EVIDENCE

Pursuant to Rule 56(e)(1) of the Federal Rules of Civil Procedure, defendant/counter-plaintiff HSBC Bank Nevada, N.A. ("HSBC") respectfully moves this Court for an order striking and barring from consideration the parol and other extrinsic evidence submitted by plaintiff Polaris Sales, Inc. ("Polaris" or "Plaintiff") in opposition to HSBC's Motion for Summary Judgment. In support of its Motion, HSBC states as follows:

1. The parties have a disagreement regarding HSBC's right, under the parties' Revolving Program Agreement (the "Agreement"), to alter the criteria that it uses to approve consumers for credit under the program.

2. The language of the Agreement is clear and unambiguous, and that language demonstrates that the express terms of the Agreement, as well as its spirit, purpose and intent, is that HSBC has "all rights" to determine and alter its credit criteria.

3. HSBC has moved for summary judgment in its favor on Polaris' claims, on the basis of the clear and unambiguous language of the Program Agreement.

4. In opposition to HSBC's Motion for Summary Judgment, Polaris has submitted an affidavit and other documents, and has made allegations of "additional facts" under Local

Rule 56.1(b), in an attempt to create an ambiguity in the Program Agreement and a question of fact precluding summary judgment. These materials constitute inadmissible extrinsic evidence.

5. It is unnecessary and improper to consider parol or other extrinsic evidence as to a contract's meaning and intent if that contract is clear and unambiguous, and such evidence is inadmissible for that purpose.

6. Rule 56(e)(1) provides that affidavits opposing summary judgment must "set out facts that would be admissible in evidence." Because the affidavit testimony of Kelly Clawson and the other extrinsic documents and asserted "additional facts" offered by Polaris in opposition to HSBC's motion for summary judgment constitute inadmissible extrinsic evidence, they do not create issues of fact material to the motion for summary judgment, and they are improper under Rule 56(e)(1).

7. In further support of its Motion, HSBC adopts and incorporates the arguments and authorities set forth in its Reply Brief In Support of Motion for Summary Judgment and In Support of Motion to Strike Parol and Other Extrinsic Evidence.

**WHEREFORE**, HSBC Bank Nevada, N.A., respectfully requests that the Court enter an order striking the parol and other extrinsic evidence, and immaterial "additional facts," offered by plaintiff Polaris in opposition to HSBC's Motion for Summary Judgment and provide any other relief it deems just and proper.

Dated: July 8, 2008

/s/ Linda K. Stevens
Ronald S. Safer
Linda K. Stevens
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
312-258-5500

-3-

                                    Drahcir M. Smith
                                    1201 West Peachtree Street
                                    Atlanta, Georgia  30309
                                    404-437-7000

                                    Attorneys for Defendant
                                    HSBC BANK NEVADA, N.A.

CH2\2591233.1