**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| POLARIS SALES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1924 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| HSBC BANK NEVADA, N.A., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**HSBC's Reply to Polaris' L.R. 56.1(b)(3)(B) Statement**

Pursuant to Local Rule 56.1(a), defendant/counter-plaintiff HSBC Bank Nevada, N.A. ("HSBC") submits this reply to the "Statement of Additional Facts" filed by Polaris Sales, Inc. ("Polaris" or "Plaintiff") and alleged by Polaris to require denial of HSBC's Motion for Summary Judgment.

**A.    HSBC Objects to, and Moves to Strike, Polaris' Statement As Contrary to L.R. 56.1(b)(3)(C) and FRCP 56.**

**1.    Local Rule 56.1(b)(3)(C)**

Although Polaris has labeled its "Statement of Additional Facts that Require Denial of Motion" ("Polaris' Statement of Additional Facts") as a statement under Local Rule 56.1(b)(3)(B), the section of Local Rule 56.1 that provides for filing such a statement is actually subsection (b)(3)(C), which allows a summary judgment respondent to file a statement of "any additional facts that require the denial of summary judgment . . . ." Polaris' statement violates this rule. Specifically, L.R. 56.1(b)(3)(C) clearly states that "[a]bsent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts." Polaris has filed seventy-four (74) such statements. *See* Polaris' Statement of Additional Facts, found at pp. 14 – 28 of Polaris Sales Inc.'s Local Rule 56.1(b)(3)

Response In Opposition to Defendant's Motion for Summary Judgment. HSBC therefore objects to Polaris' Statement of Additional Facts as contrary to L.R. 56.1(b)(3)(C), and asks the Court to strike Polaris' Statement of Additional Facts.

**2.      FRCP 56**

Polaris' Statement of Additional Facts includes two types of statements, (1) those asserting facts beyond the express language of the parties' agreement, and (2) those quoting language from the parties' agreement. HSBC objects to the former category -- those facts asserted by Polaris outside the express language of the parties' agreement -- on the grounds that such facts constitute inadmissible extrinsic evidence that may not be considered to construe the contract at issue in light of its clear and unambiguous language. HSBC's motion for summary judgment is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that HSBC is entitled to summary judgment as a matter of law. The request for summary judgment can and should be made without reference to any extrinsic evidence or the additional "facts" asserted by Polaris. None of the extrinsic evidence or additional facts proffered by Polaris is necessary or appropriate to assist the Court in making this determination. These asserted "facts" therefore are not material to HSBC's motion, should not be considered, and should be stricken.

**B.      HSBC's Reply to Polaris' Statement of Additional Facts.**

Alternatively, should the Court decline to strike the "additional facts" alleged by Polaris (other than those simply quoting contractual language), HSBC makes the following response to Polaris' Statement of Additional Facts:

**A.      Polaris' Allegations With Respect to "Background to the Parties' Retail Revolving Credit Program.**

1.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that this statement is accurate and complete.

2.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that this statement is accurate and complete.

3.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no

discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC admits this item.

**1.    Polaris' Allegations Regarding "HSBC's 2005 Proposal to Increase Sales Volume Led to Current Agreement."**

4.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that the purpose of the restructured agreement was to increase sales volume. *See* the Declaration of Victor L. Jackson (hereinafter "Jackson Dec.") at ¶3.

5.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that this

statement is accurate and complete because it denies that the goal and intent of the restructuring was to increase sales volume. *See* Jackson Dec. at ¶3.

6.      HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that the purpose of the restructured agreement was to increase sales volume and denies that it made any assurances to Polaris regarding what underwriting standards it would apply. *See, e.g.,* Jackson Dec.," including at ¶4.

7.      HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that the purpose of the restructured agreement was to increase sales volume and denies that it made any

assurances to Polaris regarding what underwriting standards it would apply. *See, e.g.,* Jackson Dec." including at ¶4.

      **a.**    **Polaris' Allegations Regarding "Section 4(f) Is a Compromise Based On Sales Volume Assurances."**

      8.     HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete. *See, e.g.*, Jackson Dec., filed herewith.

      9.     HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete. *See, e.g.*, Jackson Dec., filed herewith.

10.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete.  *See, e.g.*, Jackson Dec., filed herewith.

11.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete.  *See, e.g.*, Jackson Dec., filed herewith.

12.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and

unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete and denies that it made any assurances to Polaris regarding what underwriting standards it would apply. *See, e.g.,* Jackson Dec., including at ¶4.

13.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete and denies that it made any assurances to Polaris regarding what underwriting standards it would apply. *See, e.g.,* Jackson Dec., including at ¶4.

**b.    Polaris' Allegations Regarding "Section 4(g) Was Added to Protect Sales Volume.**

14.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and

unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete.  *See, e.g.*, Jackson Dec., filed herewith.

15.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say.  To the extent that any further response is required, HSBC denies that Polaris' description of the parties' negotiations is accurate or complete.  *See, e.g.*, Jackson Dec., filed herewith.

2.    **Polaris' Allegations Regarding "The Form Revolving Credit Dealer Agreements Are Not Part of the 2005 Agreement."**

16.    HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law.  Moreover, HSBC notes that no

discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies Polaris' assertion that the parties did not agree that the terms and conditions of the Dealer Revolving Agreement would govern HSBC's issuance of credit to consumers under the revolving credit program. HSBC also denies that Polaris' description of the parties' negotiations is accurate or complete. *See, e.g.*, Jackson Dec., filed herewith.

17. HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies Polaris' assertion that the Dealer Revolving Agreements "merely" grant dealers access to HSBC's revolving credit program and notes that the parties expressly agreed that the terms and conditions of the Dealer Revolving Agreement would govern HSBC's issuance of credit to consumers under the revolving credit program. HSBC also denies that Polaris' description of the parties' negotiations is accurate or complete. *See, e.g.*, Jackson Dec., filed herewith.

18. HSBC denies that it is necessary or appropriate for the Court to consider this assertion of fact in determining HSBC's motion for summary judgment, which is based upon the language of the parties' agreement, and upon the premise that this language is clear and

unambiguous, such that consideration of extrinsic evidence is unnecessary and improper and HSBC is entitled to summary judgment as a matter of law. Moreover, HSBC notes that no discovery has yet been taken in this case and states that, should the Court deny its summary judgment motion, discovery will be needed to determine what the pertinent documents and witnesses will say. To the extent that any further response is required, HSBC denies Polaris' assertion that the parties did not agree that the terms and conditions of the Dealer Revolving Agreement would govern HSBC's issuance of credit to consumers under the revolving credit program. HSBC also denies that Polaris' description of the parties' negotiations is accurate or complete. *See, e.g.*, Jackson Dec., filed herewith.

3.    **Polaris' Allegations Regarding "The Parties Amended the Agreement In October 2007.**

19.    HSBC admits that the parties entered into an October 31, 2007 First Amendment to the Revolving Credit Program and that the amendment includes a Schedule 3a. HSBC further states that the pertinent contracts speak for themselves and that their interpretation is a question of law, not of fact.

20.    HSBC denies that the 2007 Amendment is the only writing that informs the parties' Agreement and points to the Dealer Revolving Agreements, which the parties' expressly stated would govern HSBC's issuance of credit.

B.    **Polaris' Allegations Regarding "The Express Terms of the Agreement Do Not Provide HSBC Unfettered Discretion Without Regard for the Consequences to the Polaris Program and Plaintiff's Business Goals.**

21.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.

22.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.

**1.     Polaris' Allegations Regarding "The Scope of the Agreement:  To Promote Parties' Respective Business Goals."**

23.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

24.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

25.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

**2.     Polaris' Allegations Regarding "Sales Promotion Purpose Evident Throughout Agreement.**

26.     HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its

motion for summary judgment. For example, HSBC denies that the "purpose" of the contract is to maintain and increase sales volume. Rather the purpose of the parties' agreement is clear from the face of that agreement, which is the provision of a revolving credit program, pursuant to which credit would be extended to consumers pursuant to the terms and conditions of the Dealer Revolving Agreement, which expressly states that HSBC will determine its credit criteria. HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.

27.    HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment. For example, HSBC denies that the "purpose" of the contract is to maintain and increase sales volume. Rather the purpose of the parties' agreement is clear from the face of that agreement, which is the provision of a revolving credit program, pursuant to which credit would be extended to consumers pursuant to the terms and conditions of the Dealer Revolving Agreement, which expressly states that HSBC will determine its credit criteria. HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.

28.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact. HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

29.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

30.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

31.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

32.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

33.    [Polaris left this paragraph blank, so no response is given.]

34.    [Polaris left this paragraph blank, so no response is given.]

35.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

36.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

37.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

38.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

39.    HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris

claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

40.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

41.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

42.     HSBC denies that the contents of the pertinent contracts create a question of fact, states that the pertinent contracts speak for themselves, and states that their interpretation is a question of law, not of fact.  HSBC does not interpret the agreements in the way that Polaris claims to; rather, HSBC interprets the agreements as set forth in its initial brief and reply brief in support of its motion for summary judgment.

43-76  Pursuant to Local Rule 56.1(b)(3)(C), Polaris is allowed only 40 statements of additional fact.  HSBC objects to items 43-76 as beyond that allotted number.

Dated:  July 8, 2008                              ___/s/ Linda K. Stevens_____
                                                  Ronald S. Safer
                                                  Linda K. Stevens
                                                  SCHIFF HARDIN LLP
                                                  6600 Sears Tower

Chicago, Illinois  60606
312-258-5500

Drahcir M. Smith
SCHIFF HARDIN LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
404-437-7000

Attorneys for Defendant
HSBC BANK NEVADA, N.A.

CH2\2598801.1