IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLARIS SALES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 1924 |
| | ) | Judge James Zagel |
| HSBC BANK NEVADA, N.A., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT**

**I.      Background**

Polaris Sales Inc. ("Polaris") brings an action for breach of contract and declaratory relief against defendant HSBC Bank Nevada, N.A. ("HSBC"). Count I of Polaris' Complaint alleges that HSBC breached Sections 3.a and 14, and Schedule 3a of the Revolving Program Agreement ("Agreement"), the parties' agreement that established the retail credit financing program for Polaris goods and services. It also alleges that defendant breached its implied duty of good faith and fair dealing. Count II seeks a declaration that HSBC breached the Agreement, that it was obligated to continue to provide retail financing on terms in place prior to March 1, 2008, and that HSBC's conduct violated and materially frustrated the purpose of the Agreement.

On May 1, 2008, HSBC filed a counterclaim with its answer. Defendant sought declaratory judgment that: (a) it could alter credit criteria used to approve consumers under the Agreement; (b) it had the right to make its changes to credit criteria announced in January 2008 and also the changes it made in March 2008; (c) its threat to tighten criteria did not breach the Agreement; (d) it is not obligated to continue to provide retail financing based on approval rates

and credit criteria used prior to March 1, 2008; and (e) the spirit and intent of the Agreement are unambiguous and were complied with by HSBC.

On May 27, 2008, HSBC moved for summary judgment solely on its counterclaim and not on the entire action. In connection with its Rule 56 motion, HSBC also moved to strike evidence that Polaris had submitted with its statement of material facts in opposition to the summary judgment motion. On August 13, 2008, the Court granted HSBC's motion for summary judgment on defendant's declaratory counterclaim.

In ruling on these motions, the Court caused the following three documents to issue:

    a.    A minute order stating that the "MOTION for summary judgment [25] is granted. Motion to strike [31] is denied." (Doc. 40)

    b.    Memorandum Opinion and Order. (Doc. 41)

    c.    Judgment in a Civil Case, which states "IT IS HEREBY ORDERED AND ADJUDGED that summary judgment is entered in favor of defendant and against plaintiff, Polaris Sales, Inc." (Doc. 42).

Accompanying the Judgment in a Civil Case, issued via the CM/ECF system, was a Notice of Electronic Filing, attached hereto as Exhibit A. This Notice contains language suggesting that the Court had issued a final judgment. Specifically, the Notice states "WARNING: CASE CLOSED on 8/13/2008" and "ENTERED JUDGMENT. Case Terminated Signed on 8/13/2008. Mailed notice, (drw)." (Ex. A). Plaintiff's counsel brought this apparent error to the attention of court personnel shortly after receiving the notice, but as of yet has not received any answer to its inquiries.

## II.   Argument

###     A.    Standard For Relief From A Judgment Or Order

The Federal Rules of Civil Procedure provide for the correction or clarification of a judgment that contains omissions or errors. "The court may correct a clerical mistake or a

mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Provided that no appeal has been docketed, a district court "may do so on motion or on its own, with or without notice." *Id.* Rule 60(a) allows a court to take steps to clarify what it intended to do and would have done but for an error of the court or its clerk. *Blue Cross and Blue Shield Assn. v. American Express Co.,* 467 F.3d 634, 637 (7th Cir. 2006); *Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 984 (7th Cir. 1989) (Rule 60(a) applies to changes to a judgment that implement the result intended by the court but not to changes that alter the original meaning to correct a legal or factual error); *United States v. Griffin,* 782 F.2d 1393, 1397 (7th Cir. 1986) ("if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction").

      B.    <u>Relief Under Rule 60(a) Is Appropriate and Necessary</u>

Polaris respectfully submits that both the Judgment in a Civil Case and the Notice of Electronic Filing contain errors that require vacating the Court's order in accordance with Rule 60(a). First, the Judgment in a Civil Case is deficient because it was entered without the entry of a declaration of the rights of the parties. Federal Rule of Civil Procedure 58(a) states that "every judgment shall be set forth on a separate document." Where declaratory judgment is sought, the Seventh Circuit has construed Rule 58 to require an explicit declaration of the rights of the parties in a writing that is separate from the opinion. Neither a minute order nor a memorandum opinion by themselves are sufficient. *Alpine State Bank v. Ohio Cas. Ins. Co.,* 941 F.3d 554, 558 (7th Cir. 1991). *See also, Horn v. Transcon Lines, Inc.,* 898 F.3d 589, 591 (7th Cir. 1990) ("An opinion is not a sufficient substitute for a judgment… An opinion explains the reasons for entering a judgment but is not itself a source of legal obligations.").

The Seventh Circuit requires that a separate document explicitly state the terms of the declaratory judgment.

1904602

3

> Pursuant to Rule 58, in declaratory judgment actions, district courts must declare specifically and separately the respective rights of the parties, not simply state in a memorandum opinion, minute order, or a form prescribed for judgment in a civil case that a motion has been granted or denied. "Under [Rule] 58 the judgment must be self-contained and complete. It must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted."

941 F.2d at 558-59, quoting *American Interinsurance Exch. v. Occidental Fire & Cas. Co.,* 835 F.2d 157, 159 (7th Cir. 1987). *See also, Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco, and Firearms,* 812 F.2d 1044, 1045 (7th Cir. 1987) ("The district judge must select the language of the declaratory judgment and issue its order; the court may not stop with the opinion"). Should a district court not comply with these requirements, the judgment is ambiguous and insufficient for review. *Alpine State Bank,* 941 F.2d at 559 ("And we shall not hesitate to hold that we lack jurisdiction if the judgment ambiguously declares the rights of the parties or is unclear or calls into serious question the matter of finality.") See also *American Interinsurance Exch.,* 835 F.2d at 160 (dismissing appeal for want of jurisdiction); *Foremost Sales,* 812 F.2d at 1046 (same).

The Judgment in a Civil Case as entered does not satisfy these requirements, as it only states that the motion is granted without declaring the rights of either party. And while the Memorandum Opinion and Order describes the decision of the Court to grant defendant's summary judgment motion, it also contains no separate and clear set of findings that declare the rights of the respective parties. For these reasons, the Court should vacate the Judgment as entered.

Secondly, the clerk's action following entry of the Court's decision also requires Rule 60(a) relief. HSBC's motion sought a declaration of rights under the contract. It did not directly ask the Court to address all of the plaintiff's specific claims, including Polaris' claims for the breaches of both the express provisions of the Agreement and the implied covenant of good faith

1904602

4

and fair dealing. The Memorandum Opinion and Order and the Judgment in a Civil Case state that the Court granted HSBC's motion for summary judgment, but neither document indicates that the Court intended to order entry of final judgment on Polaris's claims. The Notice of Electronic Filing, however, expressly states that the case is closed and terminated. Although the Notice is not a proper order under Rule 58, the closing of the docket and termination of the case by the clerk has created confusion about the status of Polaris's claims. Accordingly, the termination of the case must be vacated.

### III.   Conclusion

Both the Judgment in a Civil Case and the Notice of Electronic Filing contain material omissions and errors. Polaris, therefore, respectfully requests that this Court to grant its Motion for Relief from Judgment, relieve the parties from said Judgment, reinstate this matter for further proceedings, and grant such other relief as is just and necessary.

Dated: August 27, 2008

                                                                Respectfully submitted,

                                                                POLARIS SALES INC., Plaintiff


                                                                By:  __*/s/ Thomas M. Lynch*_____
                                                                             One of its Attorneys

Thomas M. Lynch (6197698)
James J. Hegarty (6280186)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000 / Fax: (312) 201-2555
*Attorneys for Plaintiff Polaris Sales Inc.*

1904602                                            5

**CERTIFICATE OF SERVICE**

I, Thomas M. Lynch, an attorney, state that I have caused to be served a copy of the foregoing document to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 27th day of August 2008:

>Ronald S. Safer - rsafer@schiffhardin.com
>Linda K. Stevens - lstevens@schiffhardin.com

/s/  Thomas M. Lynch

# EXHIBIT A

## Lynch, Tom

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov
**Sent:** Wednesday, August 13, 2008 2:01 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:08-cv-01924 Polaris Sales, Inc. v. HSBC Bank Nevada, N.A. entered judgment

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

### Notice of Electronic Filing

The following transaction was entered on 8/13/2008 at 2:00 PM CDT and filed on 8/13/2008
**Case Name:** Polaris Sales, Inc. v. HSBC Bank Nevada, N.A.
**Case Number:** 1:08-cv-1924
**Filer:**
**WARNING: CASE CLOSED on 08/13/2008**
**Document Number:** 42

**Docket Text:**
**ENTERED JUDGMENT. Case Terminated Signed on 8/13/2008.Mailed notice(drw, )**

**1:08-cv-1924 Notice has been electronically mailed to:**

James J. Hegarty    hegarty@wildmanharrold.com, ecf-filings@wildmanharrold.com, rosiejka@wildmanharrold.com

Thomas Michael Lynch    lynch@wildmanharrold.com, ecf-filings@wildmanharrold.com, spurlock@wildman.com

Ronald S. Safer    rsafer@schiffhardin.com, edocket@schiffhardin.com

Linda K. Stevens    lstevens@schiffhardin.com, edocket@schiffhardin.com

**1:08-cv-1924 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

8/27/2008

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=8/13/2008] [FileNumber=5110252-0
] [89f88c241a6c7a7ddcdfb24dc3114760ad1e1e4503ec8d85d71292ecd989d078f21
e8dbea5ce536ca1e145d1b954d3656887dc75db3405bfe65cab41dd016206]]

8/27/2008